OPINION
Appellant, Adam Fugate, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicating him a delinquent minor for having committed one count of aggravated menacing, a violation of R.C. 2903.21.
By complaint filed February 9, 2001, it was alleged that appellant, age thirteen at the time, committed the criminal offense of aggravated menacing, a violation of R.C. 2903.21. According to the complaint, appellant threatened to shoot his teacher, Ashley Sanders ("Sanders"), in the head with a nine-millimeter gun. On April 17, 2001, the matter went to trial before a magistrate. At that trial, Sanders was the only witness to testify. She was the assistant coordinator for the Buckeye Boys Ranch Day Treatment Program where appellant was a student. On February 8, 2001, Sanders testified that appellant was becoming loud and inappropriate in class. She told appellant that he could leave, take a time out, or stay and change his behavior. Appellant chose to leave the classroom.
Over defense counsel's objections, Sanders went on to testify that another teacher, Mr. Holtz ("Holtz"), came into her classroom about ten minutes after appellant left the group. She testified that Holtz told her that appellant said that he was "going to bring in a .9 millimeter and plant a bullet in the back of your [Sanders'] head." A half an hour later, Sanders had a conversation with appellant, in which he admitted that he had made the statement. After this conversation, Sanders informed the security officer at the school and the school's assistant principal. Thereafter, the security officer contacted the Columbus Police Department and appellant was ultimately suspended.
In a decision dated April 23, 2001, the magistrate found beyond a reasonable doubt that appellant committed the offense of aggravated menacing. In an amended decision filed May 24, 2001, the magistrate went on to conclude that the threat appellant made that day was communicated to Sanders by Holtz and that appellant later made the threat to her directly. In addition, the magistrate found that the threat caused Sanders genuine concern about her personal safety. As a result, appellant was adjudicated a delinquent minor and was placed on probation for six months. In a judgment entry dated September 19, 2001, the magistrate's amended decision was adopted by the trial court over appellant's objections.
Appellant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE EVIDENCE WAS INSUFFICIENT TO FIND BEYOND A REASONABLE DOUBT THAT THE APPELLANT COMMITTED THE OFFENSE OF AGGRAVATED MENANCING WHEN THE EVIDENCE FAILED TO SHOW (1) THAT THE COMPLAINANT "BELIEVED" THAT THE APPELLANT WOULD CAUSE HER SERIOUS PHYSICAL HARM, (2) THAT THE APPELLANT "KNOWINGLY CAUSED" THE COMPLAINANT TO BELIEVE THAT HE WOULD CAUSE HER SERIOUS PHYSICAL HARM, AND (3) FAILED TO ESTABLISH THE CORPUS DELICTI INDEPENDENTLY OF THE ALLEGED CONFESSION.
ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED WHEN IT ADMITTED, OVER APPELLANT'S OBJECTIONS, HEARSAY EVIDENCE AS AN EXCITED UTTERANCE WHEN THE FACTS FAILED TO ESTABLISH A PROPER FOUNDATION FOR THE ADMISSION OF THIS HEARSAY EVIDENCE AS AN EXCITED UTTERANCE. THE APPELLANT WAS ALSO DEPRIVED OF HIS RIGHT TO CONFRONT THE WITNESSES AGAINST HIM WHEN THE HEARSAY EVIDENCE WAS ADMITTED WITHOUT A SHOWING THAT THE DECLARANT WAS UNAVAILABLE.
Appellant's first assignment of error attacks the sufficiency of the evidence supporting the essential elements of aggravated menacing. In determining the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Martin (2001), Franklin App. No. 00AP-836; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2903.21(A) defines the offense of aggravated menacing and states, in part, that "no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person." Appellant first contends the state failed to prove beyond a reasonable doubt that Sanders believed appellant would cause her serious physical harm. Sanders testified she was "surprised" that appellant would make such a threat and it made her "uncomfortable." Sanders reported the threat to the school's security officer and assistant principal. The security officer then contacted the Columbus Police Department.
The state contends that Sanders' own testimony and her subsequent actions are sufficient to establish her belief that appellant intended to cause her serious physical harm. This court recently noted that "evidence of one's belief of serious physical harm may be established by circumstantial evidence." State v. Crews (2001), Franklin App. No. 00AP-1391, quoting State v. Henize (1999), Brown App. No. CA99-04-008. However, subjective belief of the victim is necessary to establish the crime of aggravated menacing. State v. McClelland (2002), Franklin App. No. 01AP-630.
Sanders' testimony regarding how this threat made her feel was insufficient to establish that she believed appellant intended to cause her serious physical harm even when viewed in a light most favorable to the state. She testified only that the threat "surprised" her and made her feel "uncomfortable." Although Sanders did tell the school's security officer about the threat, this circumstantial evidence is insufficient to establish the subjective belief necessary for aggravated menacing, particularly in light of how Sanders characterized her feelings at the time. The fact that the security officer called the Columbus Police Department sheds no light on whether Sanders was concerned for her personal safety. See, also, In re Cleo W. (2000), Erie App. No. E-00-020 (finding that there was insufficient evidence to prove that the note caused the teacher to believe that the student would cause her serious physical harm).
Appellant also contends there was insufficient evidence to show he knowingly caused Sanders to believe that he would cause her serious physical harm. To sustain an aggravated menacing conviction, a threat to cause harm need not be made directly to the intended victim but may be sufficient if made to a third-party to whom the defendant knew or reasonably should have known would convey the threat to the intended victim. State v. Lambert (1998), Montgomery App. No. 16667; State v. Manny (1992), Warren App. No. CA91-06-054; but, see, State v. Richard (1998), Mahoning App. No. 95CA10 (requiring threat be made to victim or close relative of victim for aggravated menacing conviction). Appellant argues that there was no evidence that he made the threat directly to Sanders or to any other person likely to inform Sanders of the threat. Lambert, supra; State v. Roberts (1990), Hamilton App. No. C-890639.
The only evidence before the court in this regard is from Sanders herself, who testified that Holtz told her that appellant threatened to shoot her after he left the classroom. There is no evidence demonstrating to whom this threat was made or how Holtz became aware of the threat. Holtz could have heard the threat from appellant himself, from another student, or he could have overheard appellant making this threat to another student. There is no evidence in the record to show how Holtz acquired this knowledge. Therefore, there is no evidence to demonstrate that appellant made this threat to someone who he knew or should have known would inform Sanders of the threat. State v. Farthing (2001), Greene App. No. 2000 CA 108. Without such evidence, the state could not prove beyond a reasonable doubt that appellant knowingly caused Sanders to believe that he intended to cause her serious physical harm.
Sanders' later conversation with appellant, in which appellant admitted that he made the statement, did not constitute a new threat. Rather, he simply admitted that he had made the statement. Again, this admission sheds no light on whether Sanders believed appellant intended to cause her serious physical harm. Nor does the admission establish that appellant made the original threat under circumstances which he knew or should have known would likely cause it to be conveyed back to Sanders.
In conclusion, when viewing the evidence in the light most favorable to the state, we conclude that the state did not present sufficient evidence to prove that Sanders believed she was in danger of serious physical harm, or that appellant made the threat under circumstances which he knew or should have known would likely cause it to be conveyed back to Sanders. Because we have determined the state did not establish the necessary elements for aggravated menacing, the remainder of appellant's first assignment of error and his second assignment of error are rendered moot and will not be addressed. App.R.12(A).
Accordingly, we find appellant's first assignment of error to be sustained in part and overruled in part as moot, and appellant's second assignment of error is overruled as moot, and reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. We remand the matter with instructions to enter a finding of not guilty.
Judgment reversed and remanded.
BOWMAN and BRYANT, JJ., concur.